UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELISA JENRETT,<br><br>    Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>    Defendant(s). | Case No. 2:24-cv-00002-APG-NJK<br><br>**Order**<br><br>[Docket No. 17, 18] |

Pending before the Court is Plaintiff's motion to extend time to effectuate service, Docket No. 17,[1] and Plaintiff's application to proceed *in forma pauperis* for that purpose, Docket No. 18. Defendants Clark County School District, Sara Friedman, Paul Hernandez, and David Monroe filed a response opposing the motion to extend time. Docket No. 19.

**I.    MOTION TO EXTEND**

The Court must extend the service deadline upon a showing of good cause and has discretion to extend the deadline even in the absence of good cause. *See* Fed. R. Civ. P. 4(m); *see also in re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). An extension appears warranted given the circumstances presented, including the efforts of a *pro se* litigant who asserts that she is disabled and lacks the funds to effectuate service herself. *See, e.g.*, Docket No. 17 at 2. Moreover, Defendants' arguments to the contrary are not compelling,[2] including their contention that dismissal may be warranted on other grounds. Defendants present no legal authority or

---

[1] Plaintiff's papers at times veer beyond the service-related request, such as requesting an attorney and a settlement conference. The Court herein addresses only the core issues related to service. *See, e.g.*, Local Rule IC 2-2(b). Any other issue raised by Plaintiff is **DENIED** without prejudice.

[2] Defendants rely extensively on state law regarding whether an extension to the service deadline should be afforded to Plaintiff. Docket No. 19 at 3-4. It is the <u>federal</u> rules that apply after removal, however. *See* Fed. R. Civ. P. 81(c)(1).

meaningfully developed argument that the potential futility of the claims warrants denial of an extension to effectuate service.[3]

## II.     APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Having determined that an extension of the service deadline is warranted, the Court turns to the application to proceed *in forma pauperis*, Docket No. 18, which Plaintiff presumably filed in an effort to obtain service assistance from the United States Marshal Service, *see* Fed. R. Civ. P. 4(c)(3); *see also* Docket No. 17 at 1.

Defendants with notice of a case who are subject to service have a <u>duty</u> to avoid unnecessary costs of service. *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005); *see also* Fed. R. Civ. P. 1. Rule 4(d) of the Federal Rules of Civil Procedure provides for waiver of service so that the burden of service can be eliminated. *See Darulis*, 401 F.3d at 1063. Courts are particularly reluctant in the *in forma pauperis* context to require the expenditure of government resources for service by the United States Marshal when there appears to be no practical reason for it. *See Smith v. Saribay*, 2021 WL 1824292, at *2 n.3 & n.5 (D. Nev. Apr. 29, 2021); *see also Blackwell v. Cascade Cnty.*, 2018 WL 5557112, at *4 (D. Mont. Aug. 3, 2018) (in order screening prisoner civil rights claims, *sua sponte* instructing waiver of service form to be executed by a party or counsel). Failure of a defendant to waive service may result in that defendant being required to pay the expenses later incurred in effectuating service. *See* Fed. R. Civ. P. 4(d)(2).

In this case, the unserved Defendants are all plainly aware of the case and, in fact, have appeared through counsel to oppose the motion to extend. *See* Docket No. 19. It would seem that the duties imposed by Rule 1 and Rule 4(d)(1) would best be fulfilled by these unserved Defendants waiving service at this point. As such, the Court will defer resolution of the application

---

[3] Defendants' request that the case be dismissed, *see* Docket No. 19 at 6, is not properly presented in a responsive brief, *see, e.g.*, Local Rule IC 2-2(b). The Court is mindful of the authority presented that a minor may not be represented by a parent without an attorney, but the Court is also mindful that the United States Supreme Court has held that a parent is herself a proper party to raise her own IDEA claims. *See Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) ("Parents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims on their own behalf"). The Court will not resolve herein if or how the case law applies in this case, as the Court has not been persuaded that this issue is properly addressed in the context of a request to extend the time for service.

to proceed *in forma pauperis* until the unserved Defendants have been given an opportunity to waive service.

### III. CONCLUSION

Accordingly, the motion to extend the service deadline (Docket No. 17) is **GRANTED**. The deadline to effectuate service is **RESET** for July 2, 2024. The application to proceed *in forma pauperis* (Docket No. 18) is **DEFERRED**. No later than May 16, 2024, defense counsel must file a notice indicating whether service will be waived for Defendants Clark County School District, Sara Friedman, Paul Hernandez, and David Monroe. Failure to waive service may result in the unserved Defendants paying for the service efforts ultimately made. *See* Fed. R. Civ. P. 4(d)(2).

IT IS SO ORDERED.

Dated: May 2, 2024

Nancy J. Koppe
United States Magistrate Judge