UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELISA JENRETT, | Case No.: 2:24-cv-00002-APG-NJK |
| Plaintiff | **Order Remanding Case to State Court** |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, et al., | |
| Defendants | |

Defendants Clark County School District, Sara Friedman, Paul Hernandez, Kevin McPartlin, and David Monroe removed this action from state court on the basis of federal question jurisdiction. ECF No. 1 at 2.  Plaintiff Melisa Jenrett's complaint did not appear to present a federal question, so I order the defendants to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. ECF No. 32.  In their response to that order, the defendants acknowledge that the complaint's claims are couched in state law terms.  The defendants argue instead that removal "was a reasonable response to protect i[themselves] from artful pleadings," and that I nevertheless have subject matter jurisdiction over this case. ECF No. 33 at 6.

The artful pleading doctrine prevents a plaintiff from disguising a federal claim as a state law claim by "artfully pleading" the claim. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).  But the artful pleading doctrine is "a narrow exception to the straightforward rules of removal jurisdiction" that I may apply "only if the particular conduct complained of is governed exclusively by federal law." *Id.* (simplified).  Put differently, the artful pleading doctrine applies only where "the state court necessarily must look to federal law

in passing on the claim." *Id.* (citation omitted). For example, if a plaintiff's antitrust claims could be brought under state law and the plaintiff does not invoke federal law, the case is not removable merely because it could theoretically be brought under federal antitrust law. *See Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 480 (9th Cir. 1990); *cf. Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409, 1412 (9th Cir.), *amended sub nom. Brennan v. Sw. Airlines*, 140 F.3d 849 (9th Cir. 1998) (finding that tax refund suit was properly removed where federal law provided "the exclusive remedy in tax refund suits").

The complaint here states claims for defamation, "discrimination on a disable (sic)," and negligence. ECF No. 1 at 8. Defamation and negligence are typical state law claims. The defendants contend that Jenrett's discrimination claim is a federal law claim, citing to various federal civil rights statutes. But disability discrimination is not governed exclusively by federal law, and a Nevada state court may apply Nevada law to this claim.[1] Jenrett's award for damages may be capped at a certain amount by state law, but that does not bar her from claiming more damages in her complaint. Because Jenrett's complaint does not necessarily rely on federal law, the artful pleading doctrine does not apply and I must remand this case to state court.

I THEREFORE ORDER that this case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 21st day of January, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.*, Nev. Const. art. I, § 24 ("Equality of rights under the law shall not be denied or abridged by this State or any of its political subdivisions on account of . . . disability . . . .").

2